C. E. DAVIS ET AL. V. THE STATE.

No. 13190.   Delivered April 30, 1930.
Reported in 27 S. W. (2d) 818.

The opinion states the case.

*Douglass & McConnell* of Pampa, for appellants.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Operating under a purported search warrant, officers searched a house occupied by appellants and found therein a quantity of whiskey and beer. Appellants did not testify in their own behalf. They offered witnesses who testified that the general reputation of appellants for being peaceable and law-abiding was good.

Bill of exception No. 1 complains of the refusal of the court to grant appellants' first application for a continuance. The indictment was returned July 23, 1929. On the following day appellants made application for subpoenas for Arthur Holman, who was alleged to reside in the town of LeFors, Gray County, Texas, Clyde Simpson, whose residence was given as Borger, Hutchinson County, Texas, and Horace Welch, alleged to reside in Amarillo, Potter County, Texas. Subpoenas were duly and promptly issued and transmitted to the sheriffs of the counties named. The subpoenas for the witnesses Simpson and Holman were returned a short time before the trial with the statement that the witnesses could not be found. The subpoena for the other witness was not returned.

Touching the materiality of the testimony, it is alleged in the application that the witnesses would testify, if present, that they were present when appellants leased the premises searched by the officers from one J. L. Brooks, who was the agent of the owner of the property; that the witnesses were with appellants when appellants found some liquor in the house and outhouses; that appellants requested Brooks to remove the liquor from the premises before they took possession; that Brooks advised appellants that he would have a truck move the whiskey and beer from the premises that night; that the search occurred before night. The trial court held the search warrant insufficient, but permitted the officers to testify touching the result of the search on the theory that the premises belonged to some person other than appellants. Appellants were present when the search was made and the evidence was sufficient to support the finding that they were in possession of the whiskey and beer found by the officers. If the absent testimony had been before the jury and accepted as true, appellants would have been entitled to an acquittal. It appears from the record that in declining to instruct a verdict of not guilty the learned trial judge stated that the evidence failed to show that the premises were in the possession and control of appellants. The absent testimony was obviously material. We are of the opinion that the case should have been continued. From the evidence adduced on the trial, we are impressed with the conviction, not merely that appellants might pos-

sibly have been prejudiced in their rights by the refusal of the continuance, but that it is reasonably probable that if the absent testimony had been before the jury a verdict more favorable to appellants would have resulted. Branch's Annotated Penal Code, Section 319.

Bill of exception No. 5 relates to the refusal of the court to permit appellants to place the witness J. L. Brooks on the witness stand. It appears from the recitals of the bill that the state had taken the position that the search without a valid warrant was authorized because of the fact that the premises in question did not constitute the private residence of appellants. One of the searching officers had testified to facts tending to support the theory that the premises were in the possession of some person other than appellants. The testimony touching the result of the search appears to have been admitted on the theory that appellants had no interest in the premises. Appellants had requested the court, after the state had closed, to instruct a verdict of not guilty. The court overruled the motion and stated, as his reason for so doing, that the testimony introduced by appellants did not disclose that they were occupying the premises. Immediately after the court made this statement, appellants requested permission to place the witness Brooks on the stand for the purpose of establishing the fact that he had leased the premises to appellants prior to the search and that appellants occupied said premises as a private residence. It is recited in the bill of exception that appellants had not announced that they had closed their case at the time the request was made. The court qualifies the bill of exception with the statement that he understood that both sides had closed the case the evening before, and that all of the witnesses had been excused. It appears from the bill of exception that the witness Brooks was in the court room at the time he was tendered by appellants. The testimony of the witness was material. It would have raised an issue as to the interest of appellants in the premises. If such issue had gone to the jury and the testimony of the witness had been believed an acquittal would have resulted. We are of the opinion that the learned trial judge fell into error in refusing to permit the witness to testify. It does not appear that it was due to the fault of appellants that the testimony had not sooner been offered. It was offered immediately after the court stated his reason for declining to instruct a verdict of not guilty. As we view the matter, a due administration of justice demanded the reception of the testimony. The state objected to the testimony on the ground

that both sides had closed. In his Annotated Penal Code of Texas, Section 378, Mr. Branch states the rule as follows:

"If the proposed testimony appears to be necessary to a due administration of justice it should be admitted, and an objection that the testimony had been closed or that such testimony was not in rebuttal is equivalent to no objection."

Again, it is stated in the same section:

"If defendant, without fault on his part, has been prejudiced by the refusal of the court to admit testimony before the close of the argument, the judgment of conviction will be set aside."

We quote further from the same section:

"The court shall allow testimony to be introduced at any time before the argument of the cause is concluded if it appear that it is necessary to a due administration of justice, and it is within the judicial discretion of the court whether the testimony shall be permitted during the argument. Whether the testimony proposed to be introduced during the argument is in rebuttal or not is immaterial if it appear to be necessary to a due administration of justice. This is the rule whether the court admits or excludes the offered testimony."

For the errors discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.